TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR RECONSIDERATION EN BANC








NO. 03-06-00600-CV






Williamson County, Honorable Dan A. Gattis, Honorable Suzanne Brooks, 

Honorable Tim Wright, Honorable Donald Higginbotham, 

and Honorable William Thomas Eastes, in their official capacities, Appellants


v.


Kerry Heckman, Monica Maisenbacher, Sylvia Peterson, Tammy Newberry, 

Elveda Vieira, and Jessica Stempko, on behalf of themselves

and all other persons similarly situated, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 06-453-C277, HONORABLE JOSEPH H. HART, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 I withdraw my prior concurring opinion and substitute this opinion respectfully
dissenting. In light of (i) appellants' motion to dismiss and supplemental briefing citing "intervening
developments," (1) which are recited and recognized by the majority and are relevant to whether the
claims remain live and appellees have standing, and (ii) the passage of time since the appeal in this
case was filed in 2006, I would remand to the district court for a hearing to determine if changed
circumstances have rendered appellees' claims moot since the district court denied in 2006
appellants' plea to the jurisdiction in its entirety.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: July 16, 2010
1. Among other developments, appellants recite that "Williamson County has adopted a new
policy for dealing with court appointed counsel, has added an additional magistrate lawyer, and has
hired an indigent defense coordinator to ensure that everyone who is entitled to a court appointed
attorney and requests a court appointed attorney will get one" thus supplanting the plan in effect
during events in this cause; the Texas Legislature passed House Bill 1178 which became effective
September 1, 2007, adding "additional requirements for appointing counsel to indigent defendants;"
and, in 2009 the Court of Appeals for the Fifth Circuit decided the case of Davis v. Tarrant County,
Tex., 565 F.3d 214, 228 (5th Cir. 2009), in which the court recognized a party had standing to
challenge the establishment and implementation of a county policy for the appointment of counsel
to represent indigent defendants.